UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

In re:                                         )
BUTLER, Harry Lee and Berdina Jane,   )   BK-02-20836-SAH
                                                )   Chapter 7
                    Debtors.            )

**RESPONSE AND COMMENT OF THE UNITED STATE TRUSTEE TO THE APPLICATION FOR ORDER DIRECTING PAYMENT OF FUNDS TO CREDITOR/CLAIMANT, DILKS & KNOPIK, ASSIGNEE [Docket #63]**

The United States Trustee ("UST") files this comment and response to the "Application for Order Directing Payment of Funds To Creditor/Claimant Pursuant to 11 U.S.C. Section 347 and 28 U.S.C. Sections 2041 Et. Seq." filed June 12, 2015, by Dilks & Knopik, LLC, as assignee of First Fidelity Bank, N.A.  Docket #63.  In support of this response, the UST states as follows:

1. The claimant, Dilks & Knopik, LLC, seeks the release of funds from this case paid into the Court by the chapter 7 trustee who administered this case, Susan Manchester.

2. The chapter 7 trustee of this case was discharged on December 22, 2008.[1]  Docket #62.

3. This case was closed by entry of a final decree on February 6, 2009.

4. The claims register shows that First Fidelity Bank filed two claims, numbers 1 and 4.  The claims register also demonstrates that claim number 1 was withdrawn via docket #59.  UST Exhibit "A."

5. The UST has contacted the former trustee.  Ms. Manchester informed the UST that her file shows:  claim number 4, filed by First Fidelity Bank, was paid in full; claim number 1, filed by First Fidelity Bank, was a duplicate claim and withdrawn; First Fidelity Bank returned the check paid on claim number 1; all creditors' claims were paid in full; all funds paid into the Court belong to the debtors.  Trustee's Form 1 attached as Exhibit "B"; Trustee's Form 2 attached as UST Exhibit "C."

6. Because all creditors were paid in full, all remaining funds of the estate, including the amount returned by First Fidelity Bank remitted for payment of claim number 1, should

---

[1] The docket items are not viewable through PACER because of the age of this case.  This information is taken from the entries set forth on the docket sheet and claims register entries.

Page **1** of **2**

have been paid to the debtors, but they were deceased.  Exhibit "B."

7. Accordingly, the UST requests this Court not enter an order on the application of Dilks & Knopik, until the Court has had the opportunity to review the actual docket items filed with the Court.  The UST verily believes the pleadings, trustee reports, and other Court records will demonstrate there are no funds held by the Court which are payable to First Fidelity Bank.

8. The UST contends that any funds of this estate currently held by the Court belong to the debtors.

WHEREFORE, based upon the foregoing, the UST requests this Court to withhold entry of an order granting the application for order directing payment to Dilks & Knopik, LLC, until this matter has been fully investigated for accuracy; and for such other and further relief as this court deems just, equitable and proper.

Respectfully submitted,

SAMUEL K. CROCKER
UNITED STATES TRUSTEE

s/ Charles E. Snyder
Charles E. Snyder, OBA #8441
Office of the United States Trustee
215 Dean A. McGee, Fourth Floor
Oklahoma City, OK  73102
(405) 231-5961/231-5958
Charles.Snyder@usdoj.gov

## CERTIFICATE OF SERVICE

Under penalty of perjury, the undersigned certifies that on June 22, 2015, a true and correct copy of the above and foregoing response was mailed, postage prepaid to:

Brian J. Dilks
Dilks & Knopik, LLC
35308 SE Center Street
Snoqualmie, WA  98065

Susan Manchester
1100 N. Shartel
Oklahoma City, OK 73103

s/ Charles E. Snyder
Charles E. Snyder, OBA #8441

Page **2** of **2**